State v. Morgan.

STATE vs. MICHAEL MORGAN.

The statute (Acts of 1872, ch. 99, sec. 10,) provides that every person who shall, without a license, "keep a place in which it is reputed that intoxicating liquors are sold," shall be punished, &c. In a prosecution under this statute the defendant requested the court to charge the jury that the reputation must be "well founded in fact." The judge charged that it must be "an honest one, founded on the true and honest opinion of the neighborhood." Held—1. That the charge complied substantially with the request. 2. That it was a proper one in itself.

INFORMATION for keeping without a license a place where intoxicating liquors were reputed to be kept for sale ; brought to the Superior Court for New London county, and tried to the jury, on the plea of not guilty, before *Minor, J.*

The 10th section of the act of 1872, on which the information was founded, provides that " every person who shall keep a house, store, shop, saloon or other place in which it is reputed that spirituous or intoxicating liquors, ale or lager beer, are kept for sale, without having a license therefor, according to the provisions of this act, shall be punished, &c."

On the trial, the attorney for the state having introduced proof that a store kept by the defendant in the town of Norwich had such a reputation, the counsel for the defendant requested the court to charge the jury " that, if they should find that the store kept by the accused had the reputation of being a place where spirituous and intoxicating liquors were kept for sale, yet, if they were not satisfied that such reputation was well founded in fact, then the defendant was entitled to the benefit of any reasonable doubt that might exist in their minds in regard thereto, and their verdict should be not guilty."

The court charged the jury as follows : " If the counsel for the accused by his request means that the state must prove that liquors were kept by the accused in his store with intent to sell, then his construction of the statute is not correct ; the attorney for the state need not show that liquors were actually kept in his store by the accused with intent to

sell them. The offense created by statute is the keeping of a house, store, shop, saloon or other place in which it is *re puted* that spirituous or intoxicating liquors, ale or lager beer, are kept for sale without a proper license therefor. If therefore you are satisfied that the accused had no proper license, and that the store kept by him had the reputation of being a store in which spirituous and intoxicating liquors were by him kept for sale, he is guilty of a violation of the statute; but you must be satisfied from the testimony that this reputation was an honest one, founded on the true and honest opinion of the neighborhood. If you are not satisfied of this, or if you shall find that the reputation was created maliciously, or if you entertain any reasonable doubt with reference to this reputation, then the accused will be entitled to an acquittal."

The jury having returned a verdict of guilty, the defendant moved for a new trial for error in the charge.

*Wait* and *Thresher*, in support of the motion.

*Chadwick*, State Attorney, with whom was *Ripley*, contra.

PARK, J. On the trial of this case the counsel for the defendant requested the court to charge the jury that the reputation of the place kept by the accused must be "well founded in fact." The court charged the jury "that the reputation must be an honest one, founded on the honest opinion of the neighborhood."

It is difficult to see any material distinction between the request that was made and the charge of the court. The charge is, in substance, that the jury must be satisfied that the place kept by the defendant had the reputation in its vicinity of being a place where spirituous and intoxicating liquors, ale and lager beer, were kept by the defendant with the intent to sell the same. The statute was intended to reach places where such liquors are kept for sale, and such places only. But the difficulty in proving, under the old law, that such liquors were in fact kept for sale, induced the legislature to pass the statute in question.

The statute seems to presume that if a place has the reputation of being one where spirituous liquors, ale and lager beer are kept for sale, it is a place where such liquors are in fact kept for sale, and therefore makes it criminal for a man to keep a place which has such reputation. The foundation of the reputation, therefore, must be the fact that such liquors are kept for sale. If it has its origin from any other source it is spurious and of no importance.

The reputation here intended grows out of such indications as convince men of ordinary sagacity that such liquors are in fact kept in these places for sale. It comes from persons passing and repassing and who see there the ordinary concomitants of drinking saloons. They perhaps see the intemperate loitering before them; or persons going in apparently sober and coming away intoxicated. They see casks, decanters and jugs, labeled with the names of the various kinds of intoxicating liquors. They see beverages prepared and drunk resembling such liquors; and indeed everything that usually attends drinking saloons. Such persons communicate their knowledge to others, and in a short time the places have the reputation of being establishments where such liquors are kept for sale. The reputation therefore is " founded in fact," that is, it is based upon, or grows out of, the fact that such liquors are kept for sale.

It is barely possible that this reputation may in some cases do injustice to parties accused; that a place may have such a reputation when no liquors are kept upon the premises; but in such cases, if the fact should appear that there is no foundation for such reputation, the evidence would be conclusive that the reputation had either grown out of malicious reports, or was owing to what some prior occupant of the premises had done; and in either case the defendant would not be liable. But the statute makes the reputation of the establishment sufficient evidence in the first instance that the statutory crime, the keeping of such liquors for sale, has been committed, and the burden of proof is thrown upon the defendant to show that the reputation has no foundation in fact.

In the present case, we see nothing tending to show that

State *v.* Morgan.

the reputation proved by the state was not founded in fact. The defendant did not attempt to show that it had its origin in malice, or was owing to what some prior occupant of the premises had done, and we think the charge of the court, requiring the jury to find " that the reputation was an honest one, founded upon the honest opinion of the neighborhood," substantially complied with the request that was made, that it must be founded in fact ; for if it was the honest opinion of the neighborhood that the defendant kept such liquors in his establishment for sale, it must have had its origin in evidence that satisfied the minds of observers that such liquors were in fact kept for sale.

We do not advise a new trial.

In this opinion the other judges concurred.