STATE *vs.* JULIUS KARTZ.

A statute provided that "every person who shall keep a place in which it is reputed that intoxicating liquors are kept for sale without having a license therefor, . . . shall be fined not more than twenty dollars, or imprisoned not more than thirty days, or both."

*Held,* that the statute was unconstitutional and void; both as violating the fundamental constitutional rights of property and personal freedom, and as depriving a defendant accused under it of property and liberty without due process of law.

CONSTITUTIONAL questions certified to the Supreme Court under Gen. Stat. R. I. cap. 209, §§ 1–9.

This case was a complaint and warrant brought before the Justice Court of the town of Westerly, under Pub. Laws R. I. cap. 889, of April 29, 1881, printed *ante,* p. 523 *sq.*

The complaint was as follows :

" *To J. Alonzo Babcock, Esquire, Trial Justice of the Justice Court of the Town of Westerly, in the County of Washington, in the State of Rhode Island and Providence Plantations.*

" Courtland B. Bliven, of said Westerly, a special constable appointed by the town council of said town of Westerly under and by virtue of section fifteen of chapter 889 of the Public Laws of said State prohibiting, restraining, or in any manner regulating the sale of intoxicating liquors, on oath complains, in the name and behalf of the State, that at said Westerly, in said county, on the 2d day of July, A. D. 1881, and on divers days and times between that day and the day of the date of this complaint, with force and arms, Julius Kartz, trader, *alias* yeoman, of said Westerly, did keep a place in which it was reputed that intoxicating liquors were kept for sale without having a license therefor, and not as provided in section 56 of said chapter 889, against the statute, and the peace and dignity of the State.

" Wherefore he prays advice, and that process may issue, and that the said respondent, Julius Kartz, may be apprehended and

held to answer this complaint, and be further dealt with relative to the same according to law.

"Dated at Westerly, this 14th day of November, A. D. 1881.

"COURTLAND B. BLIVEN,

"*A Special Constable as aforesaid.*"

"Washington, sc. In Westerly, this 14th day of November, A. D. 1881, personally came Courtland B. Bliven, a special constable as aforesaid, subscriber to the above complaint, and made oath to the truth of the same.

"Before me, J. ALONZO BABCOCK,

"*Trial Justice of the Justice Court of the Town of Westerly.*"

The defendant pleaded not guilty, and also filed a motion "that the complaint be quashed because section 23 of chapter 889 of the Public Laws, under which said complaint was made, is unconstitutional and void."

After the conviction of the defendant the case, under Gen. Stat. R. I. cap. 209, § 2, was certified to the Supreme Court, sitting in Providence County, for its adjudication of the constitutional question raised.

*Samuel P. Colt*, Assistant Attorney General, & *Thomas H. Peabody*, for plaintiff.

The act in question was copied from a statute of the State of Connecticut, which has been in force since 1872, and has been adjudged constitutional and valid in that State. The Connecticut statute is as follows:

"Every person who shall keep a place in which it is reputed that intoxicating liquors are kept for sale, without having a license therefor, shall be fined not more than twenty dollars, or imprisoned not more than sixty days, or both." Gen. Stat. Conn. Title 20, Ch. 9, Sec. 43, p. 520. See *State* v. *Morgan*, 40 Conn. 44; *State* v. *Buckley et al.* 40 Conn. 246; *State* v. *Thomas*, 47 Conn. 546.

*Charles E. Gorman*, for defendant.

*January* 21, 1882. DURFEE, C. J. This is a complaint for the violation of Public Laws R. I. cap. 889, § 23, of April 29, 1881, as follows: "Every person who shall keep a place in which it is reputed that intoxicating liquors are kept for sale, without having a license therefor, except as provided in section 56 of this

chapter, shall be fined not more than twenty dollars, or imprisoned not more than thirty days, or both." The case has been certified from the Justice Court of Westerly, under Gen. Stat. R. I. cap. 209, on the question whether the section is constitutional. The question is, Can a man be constitutionally fined or imprisoned for keeping a place which has the reputation of being used for the illegal sale of intoxicating liquors simply because it has the reputation? Can he be so fined or imprisoned merely because it is the talk and belief of other people that he keeps such a place? If he can, then it follows that, without any criminal misconduct, he can be punished because others, over whom he has no control, impute such misconduct to him or believe it of him. For instance, a place which has once been used for the sale of intoxicating liquors and acquired the reputation of being so used, will be very likely to retain the reputation after it has ceased to be so used, and even after it has passed to a new owner. Again, a place where intoxicating liquors are freely used may easily get the reputation of being a place where they are sold. Or the reputation may originate in malice, mischief, mistake, or irresponsible rumor. The rapidity with which such a reputation, once set agoing, gathers vigor and volume, is proverbial.

"Mobilitate viget viresque adquirit eundo." [1]

In the cases above supposed, the owner or keeper of the place, reputed to be a place used for the sale of intoxicating liquors, will be innocent of so using it, and may even be ignorant that the reputation exists, and yet he will be utterly powerless to protect himself from punishment, for he can only prove that his place is not in fact so used, which will avail him nothing, since it is not the fact but the reputation which makes him a criminal. We are of the opinion that any law which is justly obnoxious to such a characterization is so repugnant to the fundamental rules of our jurisprudence, and so utterly at variance with the general spirit and principles of the Constitution in regard to the rights of property and personal freedom, that it must be held to be unconsti-

---

[1] Fama, malum quâ non aliud velocius ullum,
Mobilitate viget viresque adquirit eundo.
                                        Virg. Aeneid. iv. 174.

tutional, even though no particular provision can be pointed out the literal terms of which it violates. To introduce into the law the principle that a person can be punished for what other people say about him is to render all the constitutional safeguards of life, liberty, and property unavailing for his protection; for it is impossible to say to what purposes so pernicious a principle may not be applied if it is once permitted to take root. But if some particular clause which the law violates must needs be pointed out, then we are of the opinion that to fine or imprison a person for such cause is to deprive him of his property or liberty without due process of law, and consequently that the law violates the tenth section of the first article of the Constitution.

Our attention has been directed to certain decisions of the Supreme Court of Connecticut in which a similar statute of that State has been pronounced constitutional. *State* v. *Thomas,* 47 Conn. 546; *State* v. *Morgan,* 40 Conn. 44; *State* v. *Buckley et al.* 40 Conn. 246. The Connecticut statute, however, though essentially the same as ours in terms, has been construed to be different in meaning. The Supreme Court of Connecticut hold that the word reputed means more than simply reputed, to wit: truly reputed, so that a person is not punishable for keeping a place which is reputed to be used for the illegal sale of intoxicating liquors unless it is in fact so used. We do not think the statute so construed would be unconstitutional if carried out as construed; but in order to carry it out so, it would be incumbent on the government to charge the accused with keeping a place *truly* reputed to be used for the sale of intoxicating liquors, and to prove, in support of the charge, both that the place was reputed to be so used and that it was so used in fact. Of course the statute so construed and carried out would not differ in effect from the ordinary statutes. The Supreme Court of Connecticut, however, do not so carry out their construction, but hold that it is enough for the government, in the outset, to prove the reputation, leaving the accused to prove if he can its falsity. In *The State* v. *Thomas* the court say " the crime consists in the character of the place, and its reputation, unexplained and uncontradicted, is taken as *conclusive* evidence of its character as a place where intoxicating liquors are *in fact* sold." Under this construc-

tion the reputation, instead of being the offence, is converted into *primâ facie* proof of the offence, and the statute becomes in effect not distinguishable from the statute which was condemned as unconstitutional in *State* v. *Beswick, ante,* p. 211. The court, moreover, do not tell us how, if the offence consists in the fact and not in the reputation, the complaint in *State* v. *Thomas,* which simply charged the reputation, could be upheld consistently with the constitutional provision which secures to the accused the right " to be informed of the nature and cause of the accusation."

We do not, as is apparent, adopt the Connecticut construction. The statute is plain, simple, unambiguous. If it means what it says, it means that any person who " keeps a place in which it is reputed that intoxicating liquors are kept for sale," &c., shall be punished for it. We do not see, therefore, how under the statute, if it were valid, a court could refuse to convict on proof of the reputation, unless the reputation were shown to have been manufactured for the purposes of conviction, and so were a fraud upon the law. We certainly do not see how it could refuse to convict simply on proof that the reputatiōn did not correspond with the fact, for that would be to make fact and not reputation the criminal element.

ᵧ The cause will therefore be remitted to the Justice Court of Westerly, with directions to proceed no further against the respondent, and to dismiss the complaint.          *Order accordingly.*