## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* JAMES W. LYON AND GROVE SMITH, APPELLANTS.

*Constitution, art. 1, sec. 2 — jury trial — the legislature cannot arbitrarily make certain facts prima facie evidence of guilt — Excise law — 1857, chap. 628, sec. 12 — the portion of it making certain facts prima facie evidence against the seller of liquor is unconstitutional.*

The excise law of 1857, chapter 628, after authorizing the issuing of licenses for the sale of spirituous liquors or wines in quantities less than five gallons, but not to be drank upon the premises, provides that "whenever any person is seen to drink in such shop or house, out-house, yard or garden belonging thereto, any spirituous liquors or wines, forbidden to be drank therein, it shall be *prima facie* evidence that such spirituous liquor or wines were sold by the occupant of such premises, or his agent, with the intent that the same should be drank therein."

*Held*, that as the lawful act of a third person, with which the accused was not necessarily connected, was thereby made *prima facie* of his having committed a criminal offense, the law was unconstitutional, as it deprived the accused of his right to a trial by jury.

APPEAL from a judgment of the Court of Sessions of Broome county, entered upon the conviction of the defendants of a violation of the excise law in selling strong and spirituous liquors, with the intent that the same should be drank on the premises without a license, and also from an order denying a motion for a new trial made upon a case and exceptions.

The defendants were indicted for selling strong and spirituous liquors, to be drunk in a room appertaining to their house or shop, without having obtained a license therefor. The court, on the trial, charged that if any person was seen to drink in such shop, etc., any spirituous liquors, etc., this was *primâ facie* evidence that such spirituous liquors, etc., were sold by the occupant, or his agent, with intent that the same should be so drunk therein. Proof had been given that Lyon had a license to sell liquors in quantities less than five gallons; that sales had been made at the bar of his house in bottles, which bottles had been taken into a water-closet and the liquor there drunk; that sometimes persons had brought liquors from other places and had drunk it in this water-closet; that Lyon had forbidden such drinking; that notices were posted in the store forbidding drinking on the premises. The defendants, in their own behalf, testified that they had never sold liquor with intent that it should be drunk on the premises.

The question raised on this appeal respects the charge of the court; by which the fact of drinking in the water closet was charged to be made by the statute *primâ facie* evidence of the sale by defendants, and of their intent that the liquor should be drunk on the premises. And the question arises on section 12, chapter 628, Laws 1857.

*Alexander Cumming*, for the appellants.

*D. H. Carver*, district-attorney, for the People.

LEARNED, P. J.:

In *Bertholf* v. *O'Reilly* (74 N. Y., 509), the Court of Appeals repudiated the doctrine that a law can be pronounced invalid for the reason simply that it violates our notions of justice; and said that, if a law violates no constitutional provision, it is valid. They held that the legislature could make the owner of a building, who had done no unlawful, or prohibited act, liable for wrongs done by a person who had bought liquors therein; and that a statute which thus made a person, without fault, pay for the wrong-doing of another was not a violation of the Constitution. If then the owner of a building, who has done nothing contrary to law, can be made

civilly liable for the wrongs done by a person who has drunk liquor therein, though the owner was not a party to such drinking, it would seem to follow that the occupant of a building might, without violation of the Constitution, be made liable to a penalty for the act of drinking therein by some person without his consent. The statute in question, however, does not prescribe a penalty for the act of drinking in such a building. It only makes the act of drinking in a place, licensed for sale but not for drinking, *primâ facie* evidence of a sale with intent, etc. ; the sale with intent, etc., being the act for which a penalty is imposed.

In *Hand* v. *Ballou* (12 N. Y., 543), it was said that, in civil cases, the legislature can declare what shall be presumptive evidence. Such declaration, therefore, was said not to be a violation of the Constitution, which secures the right of trial by jury in civil as well as in criminal cases. But this was only a presumption as to the regularity of proceedings prior to the execution of a comptroller's deed. It was not a presumption as to the wrongful act of a defendant charged with having incurred a penalty.

In the present case the defendant is charged with having sold liquors with intent that they should be drunk on the premises. It is his right to have the question, whether he did so or not, tried by a jury. That means that the jury are to determine, from their own judgment upon the facts legally given in evidence, whether or not the defendant is guilty. If the legislature can declare that a certain fact is *primâ facie* evidence of the defendant's guilt, such a declaration means that the jury must convict, unless the defendant explains away this evidence ; and if they can declare a fact to be *primâ facie*, it would seem to follow that they might declare it conclusive evidence.

Undoubtedly in many instances, (very possibly in this instance,) drinking on the premises might take place under such circumstances that the jury, (and any sensible man,) would be satisfied that the liquor must have been sold by the defendant with intent, etc. And all the denial of the defendants might fail to overcome, in any fair mind, the weight of the circumstances. But this clause of the statute must stand, if at all, irrespective of any natural tendency in the fact of such drinking to convince a jury of the defendant's guilt. To illustrate, if the legislature can legally enact such a clause, they

might enact that the drinking of liquors a mile distant from such a house, or shop, should be *primâ facie* evidence of a sale in such house, or shop, with intent that the liquor so sold should be drunk on the premises. Or again; they might enact that if a dead body were found in any house, that should be *primâ facie* evidence that the occupant of the house had murdered the deceased. Because the legislative enactment is merely arbitrary, and need have no regard to the connection, or want of connection, between the evidence and the conclusion which is to be proved.

It is urged on the part of the people that this clause of the statute is but analogous to certain common-law presumptions; such for instance as that the possession of recently stolen property affords a presumption that the possessor is guilty of the larceny. (Wills' Circ. Ev., 53; *Knickerbocker* v. *People*, 43 N. Y., 177.) But this presumption is only the natural inference which the jury may properly draw from circumstances with which the party accused is connected. (3 Greenl. Ev., § 31.) On the contrary this clause of the statute declares a fact, with which the accused is not necessarily connected, to be *primâ facie* evidence of an illegal act of the accused and of the intent with which it was done. Thus this clause comes within the condemnation expressed by Judge SELDEN, in *Wynehamer* v. *People* (13 N. Y., at pages 444 and *seq.*).

The learned judge who tried this case did not rest his charge on the presumption, which might arise from the circumstances under which these persons drank liquors in the water-closet, that the defendants must have sold the liquors with intent, etc. But he rested on this statute as making a rule of evidence applicable to these cases. And hence the question arises directly on the power of the legislature thus to control the effect of evidence on the minds of the jury.

In *State* v. *Beswick* (13 R. I., —; 23 Alb. Law Jour., 487), a statute came up for discussion, which declared that the notorious character of the premises, or the bad character of persons frequenting them, should be *primâ facie* evidence that liquors were kept there for sale. The court held that the statute was unconstitutional, as violating the provision that one should not be deprived of life, liberty or property except by the judgment of his peers or the law of the land. They held that the statute took away the right of the

jury to pass judgment on the guilt of the accused. And, again, that to hold that the legislature could create artificial presumptions of guilt was to take away from a judicial trial the very element which makes it judicial.

The case of *State* v. *Thomas* (47 Conn., 546 ; 23 Alb. Law Jour., 489) is not in direct conflict with this. There the statute was that one who should keep a place where it is reported that intoxicating liquors are kept for sale    *    *    *    should be fined. In that case the crime was for keeping a place having a certain repute. And in the present case, if the law had imposed a penalty directly on any man in whose house any liquors were drunk, a very different question would have arisen. However unwise such a law might have been, it would not have interfered with the right to a trial before a jury. The present law does. Because it punishes only for selling with intent, etc. ; and it directs the jury to find that the defendant did sell with intent, etc., from a fact which does not, or may not, convince their judgments of the defendant's guilt.

So also the case of *State* v. *Higgins* (13 R. I., —; 24 Alb. Law Jour., 258) does not appear to be in conflict with *State* v. *Beswick* (*ut supra*). It would seem, in that case, that the statute made the sale, or keeping, of liquors, generally, criminal ; and it provided that evidence of the sale or keeping should be *primâ facie* evidence that such sale was illegal; thus requiring the defendant to show his license, if he had one. The court held that a person prosecuted for an act generally criminal may be required to show his license in defense, when there is evidence to show his guilt if he had no license. It will be seen that this case only touches the old rule requiring a proof of a negative, when the negative involved a criminal charge of neglect of duty. (1 Greenl. Ev., § 80 ; *Commonwealth* v. *Thurlow*, 24 Pick., 374.) And the principle of the decision is not really in conflict with that rule. It is that the act of selling liquors is generally criminal; and, therefore, that proof of that act puts the defendant on his defense.

And it will be seen that that decision does not apply to this present case. The act of drinking liquor in a house or elsewhere is not criminal. Nor is even the mere permitting liquors to be drunk in one's house, or shop, criminal. Therefore proof of that act in no way can put the defendant on his defense.

If the law under consideration declared it to be illegal to sell liquors with intent that they should be drunk on the premises without a license, and had declared that a sale of liquors with intent that they should be drunk on the premises should be *primâ facie* evidence that the sale was illegal, then the case would have been like that last cited. It would have been merely a question whether the prosecution should, or should not, prove the want of a license.

But the present case is totally different. This law makes an act which is always lawful, done by one person, *primâ facie* evidence that another person has committed a criminal offense. This we think cannot be done. And it may be noticed here that the case of *State* v. *Beswick* (*ut supra*) rests only on the constitutional provision that no one shall be deprived of life, liberty or property except, etc. While we have not only that provision, (Const. art. 1 § 6,) but the further provision declaring that the trial by jury shall remain inviolate. (Const., art. 1, § 2.) This must mean that the jury, not the legislature, shall judge whether the evidence proves the charge.

We think that the judgment and conviction should be reversed, and a new trial granted.

LANDON, J.:

I concur. From aught that appears the defendant was convicted, notwithstanding upon the evidence the jury had reasonable doubts of his guilt. If so, his conviction was by the coercion of the statute, not by the judgment of his peers.

Present — LEARNED, P. J., and LANDON, J.; BOARDMAN, J., not acting.

Judgment and conviction reversed, and new trial granted.