## THE STATE OF CONNECTICUT *vs.* TILLEY ANDERSON.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An information, following the language of the statute (Public Acts of 1907, Chap. 122), alleged that the defendant kept a "house which was, and was reputed to be, a house of ill-fame, which was resorted to, and was reputed to be resorted to, for purposes of prostitution and lewdness." *Held* that, properly interpreted, the information did not charge four distinct offenses, as contended by the accused, but only one, viz: the keeping of a house which was in fact, as well as by repute, a house of prostitution.

Upon such an information the accused cannot be lawfully convicted of keeping a house which was merely reputed to be a house of prostitution but which was not such a house in point of fact.

In cases of this kind, the keeping of a house or place which is reputed to be of an unlawful character is not, in itself, the real criminal offense charged, even in cases where such reputation may properly be alleged and proved. Such reputation is at the most but evidence of the real nature of the place, by means of which the State may, prima facie, establish such character, and upon which the jury may convict in the absence of any other evidence of its true nature; but however complete may be the proof of reputation, there can be no conviction if it appears that the house or place is not in fact kept or used for the reputed or immoral purposes.

Whether one could be lawfully convicted of any offense upon an information charging merely the keeping of a house reputed to be a house of prostitution, *quære.*

Argued January 27th—decided April 15th, 1909.

INFORMATION for keeping a house of ill-fame, brought to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

*Ernest L. Averill,* for the appellant (the accused).

*Robert J. Woodruff,* Prosecuting Attorney, for the appellee (the State).

HALL, J. Section 1316 of the General Statutes as amended by chapter 122 of the Public Acts of 1907, p. 674, provides that "every person who shall keep a house which is, or is reputed to be, a house of ill-fame, or which is resorted to, or is reputed to be resorted to, for the purposes of prostitution or lewdness, . . . shall be fined . . . or imprisoned. . . ."

The information charges the accused with having kept a "house which was and was reputed to be a house of ill-fame, which was resorted to and was reputed to be resorted to by divers persons to the attorney unknown for the purposes of prostitution and lewdness. . . ."

The accused demurred to the information upon the grounds, in substance, that it was uncertain; that it charged four distinct offenses; and that the statute upon which it was based is, for several stated reasons, repugnant to the provisions of §§ 1, 9 and 21 of Article First of the State Constitution, and to the Fifth, Sixth and Fourteenth amendments of the Federal Constitution.

As we interpret the language of the information it charges but one offense, namely, that the accused, on the day named, was the keeper of a certain house which was in fact, and was reputed to be, a house of ill-fame. The words immediately following, "which was resorted to . . . for the purposes of prostitution and lewdness," are merely descriptive of a house which is in fact reputed to be a house

The State *v.* Anderson.

of ill-fame.  The accused is not charged with being the reputed keeper, but the actual keeper, of a house of such character and such repute.  Under the statute quoted, and upon this information, she could have been lawfully convicted of having kept a house which was in fact a house of prostitution.  Whether she could have been lawfully convicted of any offense upon an information charging her only with having kept a house reputed to be a house of prostitution, we are not in this case required to decide.  Reading the information as we do, it is open to none of the objections raised by the demurrer.

Upon the trial the State introduced evidence that the house was reputed to be, and was in fact, a house of prostitution, and that the accused was the keeper and proprietor of it.  The accused admitted that she was the keeper of the house, but offered evidence to prove that it was not in fact a house of prostitution and was not reputed to be such in its immediate neighborhood.

The accused requested the court to instruct the jury that it was not enough to prove that the house kept by the accused was reputed to be a house of ill-fame, but that "the State must satisfy the jury beyond all reasonable doubt that the house was in fact a house of ill-fame."

The court charged the jury that "the State must prove either that the accused, at the time in question, kept a house of ill-fame, which was resorted to for the purposes of prostitution or lewdness, or it must prove she kept a house which at such time was reputed to be a house of ill-fame, and reputed to be resorted to for the purposes of prostitution or lewdness"; and that if the State had "proved either of them [elsewhere in the charge referred to as the two contentions set up in the information] beyond a reasonable doubt, then the accused is guilty. . . ."  In discussing the proof of the real character of the house, the court said: "The reputation of the house . . . does not necessarily establish that it was in fact, at the time in question, a house

of ill-fame"; and in referring to the evidence of reputation said: "Now it is sufficient, gentlemen, upon this part of the case, if the State shows beyond a reasonable doubt that the place in question did have such a reputation. But that reputation . . . must be well founded in fact. It must not be due merely to idle gossip or to the word of malicious persons, but must be founded upon the good opinion, upon the honest opinion, of the neighborhood, that the place in question in fact was such a place as it was reputed to be."

The instruction thus given was in effect that it was a criminal offense, and an offense charged in the information, to keep a house which had a reputation, based upon the honest opinion of the neighborhood, that it was a house of prostitution, and that the accused could be convicted of that distinct offense, although the evidence, including the reputation, might not be sufficient to prove that the house was in fact of the character it was reputed to be. Such instruction was erroneous. Apart from the evidence of the reputation, there was conflicting evidence upon the question of the real character of the house kept by the accused. She was entitled to have the jury instructed that upon this information she could not lawfully be convicted of keeping a house which was merely reputed to be a house of prostitution, but which was not so in fact.

The reasoning of our own court upon this question, in cases similar to the one at bar, although the decisons are apparently not entirely harmonious, seems to justify these conclusions. The keeping of a house or place which is reputed to be of an unlawful character is not in itself the real criminal offense charged, even in cases where such reputed character may properly be alleged and proved. Such reputation is at the most but evidence of the real character of the place in question, sufficient to establish prima facie such real character. Upon such proof of reputation, in the absence of any other evidence of the true character of the place, the jury may convict the accused of keeping a house

or place which is in fact of the character that it is reputed to be. When such evidence of reputation is offered it must, either by itself or in connection with other evidence, be sufficient to satisfy the jury beyond a reasonable doubt that the reputed character of the house or place in question was its true character. When evidence of the reputed character of the place is offered, it may always be met by evidence that such is not the real character of the place, and however complete may be the proof of reputation, there can be no conviction if it appears that the house or place is not in fact kept or used for the reputed immoral or unlawful purposes. *Cadwell* v. *State*, 17 Conn. 467; *State* v. *Main*, 31 id. 572; *State* v. *Morgan*, 40 id. 44; *State* v. *Thomas*, 47 id. 546.

Adopting the reasoning in the two cases last cited, the reputation of the place permitted to be proved is nothing more than an evidential fact which may serve to establish a prima facie case, but which is of no weight if it appears to be unfounded in fact.

There was no error in refusing to strike out the testimony of the witness Jennings, that the house had the reputation of being a house of ill-fame.

There is error and a new trial is ordered.

In this opinion the other judges concurred.