THE STATE OF CONNECTICUT *vs.* TILLIE ANDERSON.

Third Judicial District, New Haven, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Chapter 122 of the Public Acts of 1907 provides that every person who "shall keep a house which is, or is reputed to be, a house of ill-fame," shall be fined or imprisoned. Upon a prosecution for keeping "a house which was and was reputed to be a house of ill-fame," it was *held:*—

1. That evidence that the house was reputed to be one of ill-fame was admissible as tending to prove that it was in fact a house of that character.

2. That the adoption of such a rule of evidence did not render the statute unconstitutional, nor invalidate a trial resulting in the conviction of the accused.

Argued January 19th—decided February 3d, 1910.

INFORMATION for keeping a house of ill-fame, brought to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Simpson, J.,* after

a demurrer to the information had been overruled; verdict and judgment of guilty, and appeal by the accused. *No error.*

*Ernest L. Averill,* for the appellant (the accused).

*Robert J. Woodruff,* Prosecuting Attorney, for the appellee (the State).

HALL, J. This case was before us at a former term, when a new trial was granted for errors in the charge of the court to the jury. *State* v. *Anderson,* 82 Conn. 111, 72 Atl. 648.

Upon the second trial the accused was found guilty, and a fine of $50 and costs, taxed at $108.27, was imposed.

The present appeal is upon the ground that the court erred in overruling the demurrer filed after the new trial was granted.

The grounds of the demurrer, stated in substance, are that the information is uncertain; that it states two distinct offenses, namely, keeping a house of prostitution, and keeping a house reputed to be such; and that the statute upon which the information is based, namely, § 1316 of the General Statutes as amended by chapter 122 of the Public Acts of 1907, p. 674, contravenes the provisions of Article First, §§ 1, 9 and 21, of the Constitution of Connecticut, and the Fifth, Sixth, and Fourteenth amendments of the Federal Constitution.

We held in our former decision that the information charged but a single offense, namely, that the accused, on the day named, was the keeper of a certain house, which was in fact, and was reputed to be, a house of ill-fame; that under this information she could only be lawfully convicted of having kept a house which was

The State v. Anderson.

in fact a house of prostitution; that we had no occasion
to decide whether she could have been lawfully con-
victed under an information charging her only with
having kept a house reputed to be a house of ill-fame;
and that the information was not open to any of the
objections raised by the demurrer.

We have no occasion to change our former decision.
In so far as the statute under consideration permits a
conviction for the offense of keeping a house which is
in fact a house of prostitution, which, as we have said,
is the only offense with which this accused is charged,
it is not unconstitutional. Whether it contravenes the
State or Federal constitutions, or both, in permitting a
conviction for an offense which we have held is not the
offense charged in this information, and of which this
accused could not therefore have been convicted in the
court below, namely, the keeping of a house merely
reputed to be a house of prostitution, we have no occa-
sion at present to decide.

But the accused claims that the statute violates the
provisions of both the State and Federal constitution
because it permits a conviction of the offense of keep-
ing a house which is in fact a house of prostitution, upon
proof that it is reputed to be such a house.

It is true that we have held, as was said in our former
decision: "Upon such proof of reputation, in the ab-
sence of any other evidence of the true character of the
place, the jury may convict the accused of keeping a
house or place which is in fact of the character that it is
reputed to be. When such evidence of reputation is
offered it must, either by itself or in connection with
other evidence, be sufficient to satisfy the jury beyond
a reasonable doubt that the reputed character of the
house or place in question was its true character. When
evidence of the reputed character of the place is offered,
it may always be met by evidence that such is not the

real character of the place, and however complete may be the proof of reputation, there can be no conviction if it appears that the house or place is not in fact kept or used for the reputed immoral or unlawful purposes." *State* v. *Anderson*, 82 Conn. 111, 114, 72 Atl. 648.

The adoption of such a rule of evidence in this State does not render the statute upon which the information is based, nor the method or proceedings by which the accused was convicted, unconstitutional as claimed. It is, however, unnecessary to pursue the discussion of that subject in this case, since it does not appear that that rule was invoked upon the second trial. We have no finding before us showing what evidence was offered, or what rulings were made, or what instructions were given to the jury. It is entirely consistent with the record before us, that no evidence whatever of reputation was offered by the State. If no such evidence was offered, the court had no occasion to charge the jury that the State could establish a prima facie case by proof of reputation only, and presumably did not. For aught that appears from the record, the accused was properly convicted upon direct evidence only—without the introduction of any evidence of reputation— that she kept a house which was in fact a house of prostitution.

There is no error.

In this opinion the other judges concurred.