MORSE v. BROWN.

Ex parte MORSE.

(District Court, D. Connecticut. July 30, 1913.)

No. 1,762.

CRIMINAL LAW (§ 13*)—DISORDERLY HOUSE (§ 5*)—STATUTES—VALIDITY—"RE-PUTED."

: Acts Conn. 1907, c. 122, provides for sentence by fine or imprisonment on any person who shall be convicted of keeping a house which is, or is reputed to be, a house of ill fame, or which is resorted to, or is reputed to be resorted to, for purposes of prostitution and lewdness. *Held* that, since the Connecticut Supreme Court of Errors prior to the adoption of such statutes had held that the word "reputed," as so used in other statutes, would be construed as limited to reputation founded on facts, and not on mere irresponsible rumor, the statute, so construed, was not unconstitutional, as violating the federal Constitution, as justifying a conviction of an offense on irresponsible rumor.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 13, 14; Dec. Dig. § 13;* Disorderly House, Cent. Dig. §§ 5, 9–13; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 7, p. 6118.]

Habeas corpus by Marion A. Morse against Sidney A. Brown to obtain petitioner's discharge from imprisonment under a conviction for keeping a disorderly house. Writ dismissed.

Charles W. Comstock, of Norwich, Conn., for petitioner.

Charles B. Whittlesey, of New London, Conn., for defendant.

MARTIN, District Judge. The petition is referred to and made a part of these findings of the court, and the same was filed July 2, 1913. The writ of habeas corpus was issued July 2, 1913, and the sheriff brought the petitioner into court on, to wit, the 14th day of July, 1913, and then made return to the writ. The return is referred to and made a part of these findings. Thereupon the petitioner asked for time to formulate and file demurrer, which was granted, and the cause was continued to the 30th day of July, 1913, at the United States courthouse in Hartford, Conn. And on the 30th day of July, 1913, the petitioner demurred to the return of the sheriff, which demurrer is referred to and made a part of these findings. No witnesses were introduced on either side. The case was argued by counsel upon the petition, answer, and demurrer.

The sheriff's return alleges that he holds the petitioner in the New London county jail by virtue of a mittimus directed to him, setting forth that at a term of criminal court of common pleas held at New London county the petitioner was convicted of the crime of unlawfully keeping and maintaining a house reputed to be a house of ill fame and which is reputed to be resorted to for the purpose of prostitution and lewdness, and that she was by said court sentenced, etc.

No question was made but what that court had jurisdiction of the

_____

cause. The petitioner's case rests solely upon the language of the Connecticut statute (Acts of 1907, p. 674, c. 122), which provides for a sentence by fine or imprisonment upon any "person who shall keep a house which is, or is reputed to be, a house of ill fame, or which is resorted to, or is reputed to be resorted to, for the purposes of prostitution and lewdness." It is claimed that the words "or is reputed to be" annul the statute, in that it is in violation of the Constitution of the United States, for that this statute makes it a crime for a person to keep a house of ill repute, though such repute is unjust and not founded upon facts.

This cause was heard by the Supreme Court of Errors for the state of Connecticut, and is reported in Morse v. Brown, 83 Conn. 550, 78 Atl. 430. It appears that the state of Connecticut has enacted other statutes in which the word "reputed" is used, notably statutes relating to the sale of intoxicating liquor, and these statutes have been construed by the Supreme Court of Errors to the effect that said reputation means the keeping of a place of which said reputation was founded upon facts. The state court so construes such statutes that the accused may always overthrow such reputation by proving that such was not the real character of the place. A reputation made by wanton remarks of unreliable people, or by enemies, is not a reputation founded on fact, and therefore, under the construction of the court of last resort, such reputation is not contemplated by the statute.

It is not within my province to discuss the propriety of the use of the words "or as reputed to be." It is self-evident that these words in the statute, as construed by the Supreme Court of Errors, have no force whatever, unless it may be as to the admissibility of evidence upon the question of reputation. Thus limited, those words are not in conflict with any provision of the Constitution of the United States. This construction of the use of the words "reputed to be" by the Supreme Court of Errors for the state of Connecticut occurred long before the making of the complaint in the case at bar.. The petitioner's counsel well knew that, had she pleaded "not guilty," instead of demurring to the complaint and pleading guilty, the question of fact as to whether she was keeping a house of ill fame, or a house which is resorted to for the purpose of prostitution and lewdness, could be tried by a jury, and that question of fact would control the verdict of guilt or innocence. She voluntarily chose to demur to the complaint and plead guilty. In view of the construction given to this statute by the highest court for the state of Connecticut, it seems unnecessary for me to discuss the meaning of the words "ill fame"—as to whether it is the reputation that gives to a house its ill fame, or to discuss the moral side of the question; neither is it necessary to discuss the right of the state to enact such a statute without interference by the federal court.

No right-minded person can question, for a moment, that the keeping of a house that is reputed to be a house where disreputable people congregate for lewd and lascivious purposes is a detriment to the community, and where the state court so carefully guards the rights of a person charged with such a reputation the federal court should not interfere.

The writ of habeas corpus is dismissed.