## THE STATE OF CONNECTICUT *vs.* MIKE MAURISKY.

Second Judicial District, Norwich, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

In a prosecution under the liquor laws, the jury should be instructed that the State must prove all the elements of the crime alleged, including the unlawful alcoholic content of the beverage in question; but where, as in the present case, such content is established by undisputed evidence, and the real defense of the accused rests upon other grounds, there is no occasion for the trial court to make exhaustive reference to the lengthy definition of "spirituous and intoxicating liquors" as set forth in Chapter 291 of the Public Acts of 1921.

The trial court may properly call the attention of the jury to the fact that certain evidence is undisputed.

In this State, the criminal responsibility of one person for the act of another is substantially covered by the provisions of § 6716 of the General Statutes, that "every person who shall assist, abet, cause, hire or command another to commit any offense may be prosecuted and punished as if he were the principal offender;" and relationships between the parties, such as that of partnership, or principal and agent, are usually but incidental factors in determining such responsibility. Therefore, if an accused offers evidence that the offense with which he is charged, was committed by his business partner, it is not essential that the law of vicarious responsibility be presented to the jury in terms of partnership, it being sufficient if it is adequately explained with reference to the statute.

When a charge as a whole does not appear in the record on appeal, it cannot be assumed that the trial court omitted to give proper instructions.

Evidence, otherwise unobjectionable, is not rendered inadmissible because obtained without, or by an improper use of, a search warrant.

Statements made by a witness in a criminal cause at the preliminary hearing before a justice of the peace and later offered to corroborate his testimony in the trial court, are pure hearsay and inadmissible.

Argued April 28th—decided June 30th, 1925.

INFORMATION charging the accused, in the first count, with keeping intoxicating liquors with intent to sell, and in the second count, with maintaining a place where such liquors were reputed to be kept for sale, brought to the Superior Court in New London County and tried to the jury before *Peasley, J.;* verdict and judgment of guilty on both counts, and appeal by the accused. *No error.*

*John H. Barnes,* for the appellant (the accused).

*Thomas E. Troland,* for the appellee (the State).

MALTBIE, J. The accused was brought to trial upon a criminal information containing two counts, the first of which charged that he "did sell and did keep with intent to sell and exchange" certain spirituous and intoxicating liquors, without a United States govern-

ment permit, and the second, that he "did keep a certain bar or establishment which was and was reputed to be a place where spirituous and intoxicating liquors were kept for sale or exchange contrary to law." His counsel press upon our attention four errors which he claims to have been committed at the trial, of which three grow out of the charge.

The first error alleged is that the trial court failed sufficiently to define the term "spirituous and intoxicating liquors," as used in the statute upon which the information was based. Public Acts of 1921, Chap. 291. The definition of that term, incorporating as it does by reference that of the Federal law, is lengthy and somewhat involved; and in the interests of clarity of statement, it is often better in a charge to call to the attention of the jury only such portions as are relevant to the particular case before the court. Here an examination of the statement of facts which the accused claimed to have proven as it appears in the finding makes it clear that his real defense was, not that the liquor in question did not fall within the condemnation of the statute, but that he was not criminally responsible for its presence upon the premises where it was found. In fact, it is in effect conceded in that statement that the liquor was whiskey, and the trial judge in his charge states—and there is nothing in the record to cause us to question it—that the evidence was undisputed that its alcoholic content was far in excess of that allowed under the law. There was no occasion for the trial court to dilate upon the statutory definition of "spirituous and intoxicating liquors," and its attempt to focus the attention of the jury upon the real issue in the case, the question of the accused's criminal responsibility for the presence of the liquor, was commendable. Of course, the court was bound to leave it to the jury to determine whether the State

had proven all elements entering into the crimes alleged, including those embodied within the definition of that liquor which the law deems unlawful; but only a brief quotation from the charge appears in the record and in the absence of the rest of it, we must assume that the court fulfilled its duty in that regard. The incidental contention of the accused in this connection, that the trial court had no right to tell the jury that the evidence as to the alcoholic content of the liquor was undisputed, is without merit. If that evidence was undisputed, it was the right, if not the duty, of the court to call the fact to the attention of the jury. *State* v. *Cianflone*, 98 Conn. 454, 463, 120 Atl. 347; *Shulman* v. *Stock*, 89 Conn. 237, 242, 93 Atl. 531; *Cullum* v. *Colwell*, 85 Conn. 459, 463, 83 Atl. 695; *Banks* v. *Connecticut Ry. & Ltg. Co.*, 79 Conn. 116, 122, 64 Atl. 14.

The accused and one Zukof were partners and had been carrying on a meat and grocery business together for some two years. The State offered evidence to prove that about three months before the date of the offenses charged in the information Zukof had sold seven bottles of Jamaica ginger at the store. The accused claimed that he was not in the store at the time and had no knowledge of the sale; and he also claimed that he had no knowledge of the presence in the store of the whiskey upon the basis of which the present information was brought, offering evidence that Zukof had purchased it the day it was found from some unidentified person. He now claims that it was error for the trial court not to charge the jury "touching the criminal liability of one partner for the acts of the other partner." The evidence of the sale of the Jamaica ginger obviously was offered in the effort to prove that the reputation of the store as being a place where liquor was sold contrary to law was founded on

fact; *State* v. *Morgan,* 40 Conn. 44, 46; *State* v. *Moriarty,* 50 Conn. 415; *State* v. *Anderson,* 82 Conn. 111, 72 Atl. 648; *Morse* v. *Brown,* 83 Conn. 550, 78 Atl. 430; and in that connection there was no occasion to enter into a discussion of the criminal responsibility of one of these men for the acts of the other.

Moreover, if we lay out of consideration those cases where statutes have been construed to place, *ex proprio vigore,* the primary responsibility upon the principal, the relationship of partnership, like that of principal and agent, may usually be regarded as serving but an incidental purpose in criminal law, as but the means by which is determined a person's criminal responsibility as principal in one degree or another or as accessory, according to the nature of his participation in or furtherance of a criminal design; *Hately* v. *State,* 15 Ga. 346; *Barnett* v. *State,* 54 Ala. 579; *Atkins* v. *State,* 95 Tenn. 474, 476, 32 S. W. 391; *State* v. *Henaghan,* 73 W. Va. 706, 713, 81 S. E. 538; *People* v. *Lyon,* 99 N. Y. 210, 1 N. E. 673; 1 McClain, Criminal Law, §§187, 207; 16 Corpus Juris, p. 123; a field which in this State is pretty well covered by the statutory provision that "every person who shall assist, abet, counsel, cause, hire or command another to commit any offense may be prosecuted and punished as if he were the principal offender." General Statutes, § 6716. It is this statute which disposes of the criticism in *People* v. *Adams,* 3 Denio (N. Y.) 190, of CHIEF JUSTICE HOSMER's statement in *Barkhamsted* v. *Parsons,* 3 Conn. 1, 8, in effect repeated in *State* v. *Basserman,* 54 Conn. 88, 93, 6 Atl. 185, that the principle *Qui facit per alium, facit per se* applies in criminal as well as civil cases. Of course, the mere existence of the partnership between himself and Zukof would not make the accused criminally responsible, at least under the first count, for Zukof's acts in bringing and keeping the

whiskey upon the premises; 1 McClain, Criminal Law, §191; 1 Brill, Cyc. Crim. Law, §272; and see *Barnes* v. *State,* 19 Conn. 398; and, upon a proper request being made, the accused would have been entitled to have this principle of law called to the attention of the jury. But for the rest, the trial court might adequately have covered the situation by pointing out to the jury the need of the State to prove that the accused himself committed or participated in commiting the offenses charged, or else that his conduct was such as to make him responsible under the provisions of the statute just quoted. In the absence of the charge, again, we cannot assume that the trial court failed to give the jury adequate guidance in this regard.

The other two grounds of appeal need but a word. The accused requested the court to charge the jury that, even though the officers who searched the store had a proper search warrant, their testimony in connection with the search must be disregarded, unless the store was, or appeared to be, open for business when they gained entrance. The impropriety of such a charge follows from our recent decisions in *State* v. *Magnano,* 97 Conn. 543, 117 Atl. 550, and *State* v. *Reynolds,* 101 Conn. 224, 125 Atl. 636. The accused, to corroborate Zukof's testimony at the trial, offered evidence of certain statements made by him to the justice of the peace before whom he and the accused were first presented, and he now complains of the ruling of the court in excluding them; they were, of course, hearsay of the most arrant kind. *Wheeler* v. *Thomas,* 67 Conn. 577, 580, 35 Atl. 499; *Smith* v. *Hausdorf,* 92 Conn. 579, 103 Atl. 939.

There is no error.

In this opinion the other judges concurred.