## JOSEPH LOKES vs. PETER KONDROTAS.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

In an action upon a promissory note given by the defendant to the plaintiff in part payment of a half interest in a pool and lunch room business, the trial court instructed the jury that if, as the defendant offered evidence to prove, the consideration for the note consisted, in whole or in part, of the sale of an illegal saloon business or of a stock of spirituous and intoxicating liquors, the note was thereby rendered void and no recovery could be had thereon. The defendant claimed that the trial court should have further charged the jury that if the consideration for the note was the sale of a bar or establishment which was merely "reputed to be" a place where such liquors were unlawfully sold, the same result would follow, under § 3 of Chapter 291 of the Public Acts of 1921. Held that this claim was without merit, first, because the defendant offered no evidence of reputation, and second, because, had such evidence been offered, the ultimate question would still have been whether the place was in fact kept for the unlawful sale of spirituous and intoxicating liquors.

Where the plaintiff is entitled to recover, if anything, the face of a note plus interest, the error of the jury in omitting the interest item from the verdict may give him a ground for complaint, but not the defendant.

Argued June 4th—decided July 30th, 1926.

ACTION upon a promissory note made by the defendant to the order of the plaintiff, brought to the

Superior Court in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for the plaintiff for $950, and appeal by the defendant. *No error.*

The record discloses that on the trial the plaintiff offered evidence to prove the following facts: On July 19th, 1923, the plaintiff agreed to sell to the defendant his undivided one-half interest in and to certain articles of personal property in a store in Waterbury, together with a one-half interest in the business conducted therein. On that day the plaintiff executed and delivered a bill of sale of such property to the defendant, who then paid the plaintiff $225 on account of the purchase price, and gave him the note in suit for the balance of the price. The plaintiff then gave the defendant the keys to the store and delivered to him possession of plaintiff's interest therein, and defendant entered into partnership with the other half owner and assumed joint control with him and conducted the business. The business conducted by the plaintiff in the store on July 19th, 1923, was that of a pool and lunch room, where sandwiches, cigars, soda and refreshments were sold. The defendant paid the plaintiff $33 rent, which plaintiff had paid in advance for use of the store, and on July 20th, 1923, the defendant caused the property in the store to be assessed in his name. From July 19th to July 25th, 1923, the defendant conducted the business in the store. On July 24th, 1923, the defendant requested plaintiff to take back the property purchased and return the note for $950. This the plaintiff refused to do, but presented the note for payment the day it was due. The note was unpaid and due at the time of the trial. The plaintiff never sold to defendant intoxicating liquors on the day of the sale, and the sale of intoxicating liquor was not a part of the consideration for the sale, or for the note

in suit; the only consideration being the sale of a half interest in personal property in the store and the business conducted therein as described above.

On the trial the defendant claimed to have proved the following facts: The defendant was a shoe operator in a factory at Brockton, Massachusetts; he came to Waterbury in July, 1923, and became interested in the purchase of a saloon. The plaintiff was anxious to dispose of his saloon because he was losing money in it. About six months prior to July 19th, he was convicted of keeping spirituous and intoxicating liquors with intent to sell, having on the witness stand admitted his guilt. The defendant visited the saloon of the plaintiff once or twice before the sale, and on each occasion obtained drinks of whiskey and beer. The defendant and plaintiff then agreed upon a purchase price of $1,175, and the note and papers were prepared by a clerk at the banking house of K. C. Kazemekas. The defendant agreed to pay $225, and give his note for $950, payable fourteen days after date. The plaintiff and defendant further agreed that the defendant should take possession of the premises on July 20th, 1923. After the papers were signed, the plaintiff and defendant and others went to plaintiff's place of business and there was then there four quarts of whiskey of which they all partook at fifty cents per drink, and plaintiff said to defendant that five gallons of moonshine (whiskey) had been ordered and paid for and would be delivered within a day or two. After the sale and delivery of the business, the five gallons of whiskey were delivered to the premises. When the defendant took possession of the premises, there were two and one-half barrels of beer and four or five cases of beer there. Before the defendant took possession of the premises he and others bought and paid for whiskey and beer from the plaintiff. On the Monday after the execution

of the papers, the defendant notified the plaintiff that he would not go through with the deal and tendered back to the plaintiff the goods he had agreed to purchase, less the sales of the Friday and Saturday of the week previous. Thereafter the defendant had nothing to do with the place purchased. The property and business transferred to the defendant could not be conducted at a profit unless spirituous and intoxicating liquors were sold. The premises in question, for a long time before July 19th, 1923, and on that day, were adapted and suitable for a saloon, and contained the fixtures and paraphernalia customarily found in a retail liquor saloon.

*Walter E. Monagan,* for the appellant (defendant).

*Michael V. Blansfield,* with whom, on the brief, was *Herman B. Engelman,* for the appellee (plaintiff).

CURTIS, J. This action was brought by a complaint based on a note in these terms:
"$950.00                    Waterbury, Conn., Jul. 19, 1923.

Two weeks after date I promise to pay to the order of Joseph Lokes nine hundred fifty and 00/100 dollars, payable at office of Ch. Kazemekas' Banking House. Value received."

The defendant pleaded by way of answer, that the consideration for the note was the purchase price of a saloon business owned and conducted by the plaintiff, together with a stock of intoxicating liquors therein, which were on the day of sale being sold contrary to law. These allegations the plaintiff denied. The defendant thus alleges as a defense that there was an illegal consideration for the note and claims that it is not enforceable.

We take up the defendant's reasons of appeal. The court in its charge presented to the jury the issues of fact raised by the denial of the answer, and the jury

found these issues for the plaintiff and rendered a verdict for $950, the face of the note. Upon the subject of the illegality of the note, the appellant claims that "the court erred in failing to charge the jury that, if the plaintiff sold to the defendant a bar or establishment which was, or [was] reputed to be, a place where spirituous and intoxicating liquors were sold contrary to law, and that the sale of this business formed the sole or a part consideration for the note in question, the plaintiff could not recover."

Section 3 of Chapter 291 of the Public Acts of 1921 reads as follows: "Every person who shall keep a bar or establishment which is or is reputed to be a place where spirituous and intoxicating liquors are kept for sale or exchange contrary to law, shall be subject to the penalties provided in section ten of this act."

The essential portion of this section of the Act, under the record in this case, is the provision that "every person who shall keep a bar or establishment which is . . . a place where spirituous and intoxicating liquors are kept for sale or exchange contrary to law, shall be subject to the penalties," etc.

The trial court thus charged the jury upon this point: "The claim of the defense is that the consideration for this note was the sale by the plaintiff to the defendant of the interest of the plaintiff in a certain saloon business, including the stock of spirituous and intoxicating liquors contained in the saloon, and also five gallons of liquor which had been paid for and were later to be delivered to the defendant's place of business, and that this was the only consideration.

"By saloon business, as I use the term in these instructions, I use it synonymously with the terms of conducting the sale of spirituous and intoxicating liquors. The business of buying and selling spirituous and intoxicating liquors, except under certain prescribed con-

ditions which it is not claimed are present in this case, is an illegal business. And therefore, if you should find that the only consideration for which this note was given was the sale of a saloon business, or if you find that the consideration or a part of the consideration included any stock of spirituous and intoxicating liquors, then such consideration is illegal and is no consideration upon which payment could be enforced. And if you find that the sale of this business by the vendor to the vendee, included any spirituous and intoxicating liquors, even though the quantity were small, if it in fact constituted a part of the consideration for which this note was given, then such consideration renders the note void.

"It is claimed by the defendant in this case that at least a part of the consideration for which this note was given was for spirituous and intoxicating liquors which were in this place, and five gallons referred to of spirituous and intoxicating liquors which were to be delivered; that these spirituous and intoxicating liquors included whiskey, and that this whiskey was sold with the articles described in the bill of sale and with the business conducted at the place in question. If you find that any spirituous and intoxicating liquors were included in the consideration for which this note was given, then your verdict must be for the defendant, since it does not appear in this case that the plaintiff could sell legally to this defendant any spirituous and intoxicating liquors."

The charge given fairly and adequately presented to the jury the defense alleged and sought to be proved. *Funk* v. *Gallivan*, 49 Conn. 124.

If the record disclosed (which it fails to do) that the defendant offered evidence to prove that the premises in question were a place which was reputed to be a place where spirituous and intoxicating liquors were

kept for sale or exchange, the charge would still be correct, because the ultimate question would be, was it a place where such liquor was in fact kept for sale or exchange? This is established by the familiar cases of *State* v. *Morgan,* 40 Conn. 44; *State* v. *Thomas,* 47 Conn. 546; *State* v. *Moriarty,* 50 Conn. 415; *State* v. *Anderson,* 82 Conn. 111, 72 Atl. 648; *State* v. *Anderson,* 83 Conn. 55, 75 Atl. 81; *Morse* v. *Brown,* 83 Conn. 550, 78 Atl. 430.

The appellant alleged also that "the court erred in failing to charge the jury as to the measure of damages to be recovered in this action." Upon the state of the pleadings the plaintiff was obviously entitled to recover the face of the note with some interest, or nothing.

The jury rendered a verdict merely for the face of the note. There was then an obvious ground of error for the plaintiff, but he made no such claim of error. The defendant cannot claim as an error harmful to him, a technical error which was merely harmful to the plaintiff.

There is no error.

In this opinion the other judges concurred.