## BURTON v. STATE.

Opinion delivered May 6, 1907.

EVIDENCE—THREATS.—Where, in a murder case, it was a question who
was the aggressor, it was error to exclude evidence of threats by
the deceased against the accused.

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge;
reversed.

### STATEMENT BY THE COURT.

At the August term, 1906, of the Clark Circuit Court the
grand jury returned an indictment against one Tom Burton
for the crime of murder in the second degree. At the January
term, 1907, he went to trial under a plea of not guilty, was
convicted and sentenced to six years' imprisonment in the peni-
tentiary.

The appellant admitted that he killed one L. D. Crews. He
was the only witness present when the killing occurred, and his
testimony as to what took place at the time of the killing is as
follows:

"I called him and walked up pretty close to him. He had
his gun on his shoulder, and a rabbit in his hand when I called
to him, and he faced about towards me and stood there until I
walked up—I do not know just how close, but it was not more
than eight or ten feet from him, probably not that far—and
he told me to stop. He was standing there, and when he faced

about his gun was balanced on his shoulder, and he was not touching it at all. Had his right hand by his side and a dead rabbit in his hand, and when I walked up he told me to stop, and I stopped. And he dropped the rabbit, and he says, 'You are the lying son-of-a-bitch that caused all this trouble!' and as he said that he threw his gun down as if to shoot me, and I caught at the gun but missed it. Then he struck me over the head with it, and I caught him about the body; and then after that I caught for the gun, and I got hold of the gun—got hold of the gun with both hands—and we scuffled for some little time over the gun, and finally he got that (indicating) thumb in his mouth and bit it, and I had to turn loose the gun. I turned loose the gun and grabbed him about his waist and got my knife out and went to cutting him; and I cut him—I do not know where I cut him. I cut anywhere I could. I know the last time I hit him was in the breast, and he hallooed and dropped the gun and fell; and just as he fell he jumped up again on his knees, and I thought he was going to grab the gun—looked like he was—and I grabbed it up, and the first thing I thought about was to unbreach it; and I saw no way to unbreach it, and I thought I had better get away with the gun; and in starting around—I had not got but a step or two—I seen that Crews had fallen back on his face, and was pushing out in the dirt, and I thought that I might have killed him, and I walked to the fence."

There was testimony to the effect that appellant told a witness a short time after the shooting that he, appellant, approached Crews and asked him about some lies he had told on appellant, and then Crews called him a son-of-a-bitch and reached for his gun, when appellant ran under the gun. Appellant denied that he told this witness any such thing.

The appellant asked certain witnesses if they had heard Crews make any threats against appellant. The prosecuting attorney objected, the court sustained the objection, and appellant excepted to the ruling sustaining the objection, and preserved his exceptions in the seventh and eighth grounds of the motion for new trial. The Attorney General confesses error in the ruling of the court on these grounds.

*Hardage & Wilson,* for appellant.

Threats are admissible for the purpose of showing who was the probable aggressor. 29 Ark. 248; 55 *Id.* 593; 69 Id. 149; 72 *Id.* 436; 55 *Id.* 604; 76 *Id.* 493; 22 *Id.* 574; Rice on Ev. vol. 3, p. 594; Wigmore on Ev. vol. 1, § 110; vol. 3, *Id.* § 1732. The State must show beyond a reasonable doubt who was the aggressor. 83 Ala. 33; 76 *Id.* 1. Before the jury can be justified in rendering a verdict contrary to the testimony of a defendant, they must have some evidence upon which to hinge a verdict. 58 Ark. 473; 67 *Id.* 416; Rice on Ev. vol. 3, p. 559. A plea of self defense is one to which the prosecuting attorney should not undertake to prejudice the jury against such defense. 74 Ark. 256; 75 *Id.* 246.

*William F. Kirby'* Attorney General, for appellee.

When it becomes necessary to determine who was the aggressor, evidence that will throw light upon the subject and aid the jury in a correct solution thereof should be admitted. The learned trial judge erroneously refused to admit this evidence in order to find out which was the aggressor. 69 Ark. 149; 55 *Id.* 604; 55 *Id.* 593; 15 Cal. 476; 37 Ind. 57; 55 Cal. 263; 16 Ill. 18.

WOOD, J., (after stating the facts.) The confession of error must be sustained.

In *Palmore* v. *State,* 29 Ark. 248, this court said: "Threats are admissible when they tend to explain or palliate the conduct of the accused. They are circumstantial facts which are a part of the *res gestae* whenever they are sufficiently connected with the acts and conduct of the parties as to cast light on that darkest of all subjects, the motives of the human heart." This doctrine has been often announced by this court. *Harper* v. *State,* 79 Ark. 594; *Long* v. *State,* 76 Ark. 495; *Long* v. *State,* 72 Ark. 427; *Bell* v. *State,* 69 Ark. 149; *King* v. *State,* 55 Ark. 604; *Brown* v. *State.* 55 Ark. 593. The learned trial judge recognized the doctrine, but seems to have excluded the offered testimony upon the idea that the testimony showed that appellant was the aggressor. The testimony of appellant and the testimony of what appellant said soon after the shooting, tending to contradict what appellant said on the witness stand in

some particulars, in our opinion, made it a jury question as to who brought on the fatal rencounter.

We need not consider other grounds of the motion for new trial. The questions raised have been often decided by this court, and the law of such cases is found in many cases in our reports.

For the errors indicated the judgment is reversed, and cause is remanded for new trial.