St. Louis, Iron Mountain & Southern Railway Company *v.* Elrod.

Opinion delivered February 1, 1915.

1. Railroads—duty to maintain lookout—drunken trespasser.—A railroad company is required to maintain a lookout for persons on its track, and it will be liable for an injury to a drunken trespasser if its servants could have discovered his peril by the keeping of a proper lookout, in time to have avoided injuring him.

2. Appeal and error—instructions—reading statute to jury.—In an action for damages caused by the negligence of the servants of a railroad company, while it is better practice for the trial court in instructing the jury, to interpret a statute, about the interpretation of which there is or may be a difference of opinion, it is not error for the trial court, to read to the jury the statute requiring the railroad company in the operation of trains to maintain a constant lookout.

3. Trial—improper argument—removal of prejudice.—Appellee's counsel in the argument of the case, made remarks prejudicial to the appellant's case. The trial court overruled appellant's objection thereto, but at the conclusion of the argument, instructed the jury to disregard the parts of the argument objected to. *Held*, the ruling of the court removed any prejudice resulting from the improper argument.

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; affirmed.

STATEMENT BY THE COURT.

One of appellant's locomotives ran over appellee on the night of the 3d of September, 1911, and so crushed his arm that an amputation at the shoulder was necces-

sary. Appellee alleged and proved that he suffered great pain and anguish, as well as loss of earning capacity, and, in the trial, from which this appeal is prosecuted, recovered a judgment for the sum of $3,000.00.

It is not contended that the judgment is excessive, nor is it claimed that any error was committed by the court in charging the jury, except that the court erred in giving an instruction numbered 4 at the request of appellee, for reasons which will hereafter be discussed.

Appellant insists the jury did not follow the instructions of the court, as it says the instructions, under the proof, practically directed a verdict in its favor, and it is now urged that the case should not have been submitted to the jury at all. The jury might well have found that appellee's injury did not occur in the manner stated by him, but his right to recover does not rest solely upon his own evidence. This injury occurred about 3 o'clock in the morning, after appellee had spent the preceding part of the night in drunken revelry, and he undertook to show that he was struck by the locomotive as he was walking across the tracks at a public crossing. It is now practically conceded by appellee's counsel, however, that his injury did not occur in that manner, but that he was lying in a drunken stupor, with his arm across one of the rails, when the locomotive struck him. The injury occurred just as the locomotive was rounding a very sharp curve, and one of the principal questions of fact in the case was, whether or not the operatives of the train could have seen appellee by keeping a constant lookout in time to have thereafter avoided the injury by the exercise of ordinary care. Three members of the switching crew were riding in front of the engine, and the evidence on the part of the appellant is that these men were keeping a lookout as well as the engineer, but that the curve in the track was too sharp for appellee's presence upon the track to be discovered by them in time to avoid striking him. There was evidence, however, from which the jury might have found that appellee's presence on the track would have been apparent, to one

keeping a lookout, for a distance of from 150 to 200 feet, and that the train could have been stopped in a distance of about sixteen feet and was, in fact, stopped in a distance estimated at from fifty to sixty feet.

Instruction numbered 4, given at appellee's request, was as follows:

"You are instructed that if defendant's servants discovered plaintiff's peril in time to have avoided injuring him by the exercise of ordinary care, or if they could have discovered it in time by keeping a constant lookout, then it is immaterial whether the plaintiff was asleep, drunk or sober, and immaterial that he was a trespasser."

It is insisted that this instruction should not have been given, because, according to appellee's contention, he was not lying drunk near the rail.

In connection with the other instructions in the case the court read to the jury the lookout statute, approved May 26, 1911; but only a general objection was made to this action of the court.

Mr. Winn, one of the attorneys for appellee, in his opening argument to the jury, used the following language:

"Gentlemen of the Jury: This defendant railroad corporation has taken all of the land they wanted in this State. They can go and take your homes from you. They do take your homes; they run over the widows and orphans of this State. They are absolutely without souls."

To the use of this language appellant at the time objected and its objection was overruled, and exceptions saved. At the conclusion of the argument, in which this language was used, however, the court stated to the jury that the argument was an improper one and should be disregarded by them.

Other questions are raised in the brief, but we think it unnecessary to discuss them.

*Thomas B. Pryor,* for appellant.

1. It was error to refuse a peremptory instruction for defendant. Plaintiff was a trespasser; the lookout

law was strictly complied with and as soon as plaintiff's presence was discovered everything possible was done to avert the injury.   40 Ark. Law Rep. 358; 107 ·Ark. 431; 108 *Id.* 396; 110 *Id.* 444; 162 ,S. W. 51; 166 *Id.* 568. A jury has no right to arbitrarily disregard the testimony of witnesses.   67 Ark. 516; 89 *Id.* 121; 66 *Id.* 441; 89 *Id.* 578; 78 *Id.* 237.

2.   The remarks of attorney for plaintiff were improper and prejudicial.   The error was not cured by the court.   70 Ark. 305; *Ib.* 179; 61 *Id.* 130; 63 *Id.* 174; 30 N. W. 630; 14 S. W. 566.

3.   It was error to read to the jury Act No. 284, approved May 26, 1911, the ''Lookout'' statute.   63 Ark. 477; 107 *Id.* 431; Const. Ark., art. 7, § 23; Kirby's Dig., § 6196; 71 Ark. 43.

4.   Instruction 4 was improper.   It was unwarranted under the pleadings.   75 Ark. 468; 59 *Id.* 169.

*Oscar Winn* and *Mehaffy, Reid & Mehaffy,* for appellee.

1.   If the lookout statute had been complied with the engine could have been stopped in time to avoid the injury.   The question of drunk, asleep, negligence, or trespass, cuts no figure in this case, if the employees violated the statute.   The verdict is not based upon conjecture or speculation, but upon competent testimony. 168 S. W. 135.

2.   The statements in argument of Oscar Winn were not prejudicial.   The jury were properly admonished. When carefully examined, they do not fall within the rule.   70 Ark. 305; 63 *Id.* 174; 61 *Id.* 130; 65 *Id.* 620; 70 *Id.* 179; 71 *Id.* 434.

3.   No prejudice resulted from the reading of the statute.   63 Ark. 484.

4.   There is no error in the court's charge.   The verdict is supported by the evidence and is not excessive. The instructions are capable of but one construction. 63 Ark. 474-484.

Smith, J., (after stating the facts. (1) It is true that instruction No. 4, given at appellee's request, did

not comport with what he said the facts were, but the instruction correctly declared the law, and if the jury found the facts to be as they were there hypothetically stated, then appellee was entitled to a verdict. We think the court properly gave this instruction under the circumstances. The fact that appellee was drunk constituted no defense, if his presence was discovered in time to have avoided injuring him, or if, by keeping a constant lookout, his presence could have been so discovered.

The court gave numerous instructions declaring the law in conformity with the opinion of this court in the case of *Russell* v. *St. Louis S. W. Ry. Co.*, 113 Ark. 353, 168 S. W. 135.

(2) We think no error was committed in reading the lookout statute to the jury, although the better practice is for the court to interpret any statute, about the interpretation of which there is or may be a difference of opinion. But the facts in this case are unlike those in the case of *Kansas City, F. S. & M. Ry. Co.* v. *Becker,* 63 Ark. 477., which last mentioned case was reversed because of the action of the court in reading the fellow-servant statute, then in force, to the jury, that statute being what are now sections 6658 to 6660 of Kirby's Digest. In the *Becker* case there was a sharp conflict over the construction of this statute, and in the opinion it was there said:

"The circuit court erred in giving the statutes, without explanation, as an instruction to the jury. They were susceptible of more than one interpretation, as shown by the contention of counsel in this case, and parts of them were not applicable to the facts before the jury. It was the duty of the court, and not of the jury, to interpret the statutes. The instructions of the court should be susceptible of only one construction."

The point there in controversy was whether an engineer and fireman were fellow-servants, and the court held that the reading of the statute was improper in the elucidation of that question, as it was capable of more than one construction. But no such question arises in

this case, for, while the lookout statute is susceptible of more than one construction, only one construction was given it at the trial.

(3) The majority of the court are of the opinion that, while the argument of appellee's counsel was improper, under the circumstances, it did not constitute prejudicial error calling for the reversal of the case. It has been said in numerous decisions of this court that a certain discretion abides with the trial judge in rebuking improper arguments, and that a judgment will not be reversed because an improper argument was made, if it appears that no prejudice resulted therefrom. It is true the court overruled the objection made to this argument, but it must have appeared to the jury that, upon further reflection, the court had concluded that an erroneous ruling had been made upon this subject, and the court's former ruling was reversed and the jury told that the argument was, in fact, an improper one, and should not be regarded by them. The court did finally rule with sufficient firmness on this question, but it is insisted that this ruling should have been made immediately, upon objection being offered, and, further, that the argument itself was of such an incendiary character that no reproof of counsel could cure the harm resulting from its having been made.

A number of our cases, on the subject of improper arguments are reviewed in appellant's brief and among those chiefly relied upon are the cases of *Union Compress Co.* v. *Wolf,* 63 Ark. 174, and *German-American Insurance Co.* v. *Harper,* 70 Ark. 305. In the first of these cases the attorney for appellee referred to the fact that appellant had taken a change of venue and offered to read the affidavit in support of the petition therefor, after he had been told by the court that this was exceedingly improper. The argument was held prejudicial because, as the court there said, "where counsel persevere in saying things that are not pertinent to the issue and are prejudicial to the other party, the court in civil cases should see that they do not reap any benefits from such statements, even to the

extent of setting aside a verdict in favor of the client of the attorney thus offending, if the court should deem that the prejudice can not otherwise be overcome.''

In the insurance company case, *supra,* the judgment was reversed because appellee's attorney made a statement of fact, not supported by any evidence, concerning the integrity and veracity of a material witness for appellant. The court held that under the circumstances the statement of counsel left an unfavorable impression on the jury, as to the veracity of the witness, which no admonition from the court could eradicate.

For similar reasons other cases have been reversed, for improper arguments, but in each of them it appears that the court either gave no directions to the jury to disregard the argument, or the argument itself was so prejudicial that no direction to the jury could have secured a fair trial, or that the direction which was given did not accomplish that purpose. Here the argument was not in defiance of the court, nor did it question the veracity of any witness, and while it was highly improper and the trial court should have so held immediately, even though no objection had been made, yet it appears that the court did make a proper ruling upon the conclusion of the speech in which the language quoted was used. The record does not show whether this speech was concluded soon after this statement was made or not, but it does show that at its conclusion the court reversed its action, in overruling the objection, and made the ruling which should have been made earlier.

The presumption is that the jury followed the directions of the court and the moderate verdict returned gives no indication to the contrary. The judgment is affirmed.