## Davis *v.* State.

### Opinion delivered July 12, 1915.

1. TRIAL—ARGUMENT OF PROSECUTING ATTORNEY—CHANGE OF VENUE BY DEFENDANT.—In the trial of a criminal prosecution, when the defendant has taken a change of venue, it is improper for the prosecuting attorney to refer to that fact in his argument.

2. TRIAL—IMPROPER ARGUMENT—ADMONITION BY COURT—SUFFICIENCY.— Where counsel in a trial have indulged in improper argument, it is the duty of the trial judge to admonish the jury to disregard such argument, and the sufficiency of this admonition is a fact to be determined under the circumstances of each particular case, and where it appears that a sufficient admonition has been given, a reversal will not be ordered upon account of the argument.

3. TRIAL—IMPROPER ARGUMENT—CRIMINAL TRIAL—WITTY STORY—PREJUDICE.—In a criminal trial defendant had taken a change of venue,

during the trial the prosecuting attorney referred to that fact in his argument, and the court admonished the jury to disregard that argument; thereafter, the prosecuting attorney told a witty story, which threw the court room into an uproar, and which was calculated to impress on the jury's mind the fact that defendant had taken a change of venue. *Held*, the telling of the story was improper, and the failure of the trial judge to admonish the jury not to regard the story, and to reprimand the prosecuting attorney, constituted reversible error.

Appeal from Hempstead Circuit Court; *George R. Haynie*, Judge; reversed.

*Steve Carrigan, Jr.*, and *C. W. McKay*, for appellant.

It was prejudicial and improper for the prosecuting attorney in his argument to the jury to refer to the fact that appellant had taken a change of venue at all, but when, after objection by the appellant to such argument and the admonition by the court not to consider such argument, he fixed the injurious effects thereof in the minds of the jury by telling a laughable story, the point of which was an unmistakable reference to the change of venue, and which, notwithstanding appellant's objections, was not followed by a reprimand from the court nor further admonition to the jury, it became unquestionably reversible error. Moreover, the prejudicial effect could not have been removed by further admonition. 63 Ark. 176; 65 Ark. 625; 61 Ark. 136; 2 R. C. L. 418; 18 L. R. A. (N. S.) 320; 70 Ark. 306; 71 Ark. 418; 58 Ark. 353, 368; 61 Ark. 138; 63 Ark. 174; 65 Ark. 626; 92 Ind. 34, 40; 76 N. W. 462.

*Wm. L. Moose*, Attorney General, and *Jno. P. Streepey*, Assistant, for appellee.

In cases of improper argument, the prejudicial effect thereof, if any, and the sufficiency of the court's admonitions to the jury with reference thereto, must depend upon the circumstances of each particular case. This court has repeatedly held that where a jury is promptly admonished and told not to consider such argument, this is sufficient to remove its prejudicial effect. And so, in this case, if the prosecuting attorney's argument was im-

proper, the prejudicial effect was removed by the court's admonition.   105 Ark. 608; 110 Ark. 226-231; *Id.* 538-543.

SMITH, J.   The appellant and one Seymour Nix were jointly indicted at the February term, 1905, of the Lafayette Circuit Court for the crime of grand larceny.   Appellant obtained a change of venue to the Hempstead Circuit Court, and one of the principal witnesses against him at his trial there was the said Nix, and, according to his evidence, the commission of the larceny was the joint enterprise of himself and appellant.

Various questions are raised concerning the sufficiency of the evidence to support the verdict and the correctness of the instructions of the court under which the cause was submitted to the jury; but after a careful examination of the record in this case we are of the opinion that the cause was submitted under proper instructions, and that the evidence is legally sufficient to support the verdict.

The evidence of Nix was highly important, and his veracity was very vigorously assailed by the defense and very ably championed by the prosecution.   The record recites that the prosecuting attorney, in his closing argument to the jury, in discussing the credibility of the witness Nix as compared with that of the appellant, said:

"Gentlemen of the jury, I will stand them up together and let you see which is most worthy of belief. Sid Davis, when he was arrested, fled the country.   Seymour Nix, when he was arrested, gave himself up to the officers, submitted to the law, and when the day of judgment came he was willing to submit his case to the citizenship of Lafayette County, among his neighbors and friends, but what did this man Sid Davis do?   He was not willing to submit his case to his neighbors and his friends."

Objection was made to this argument, whereupon the prosecuting attorney said:

"That's it, object; every time I make a point on you, you object to it."

Then turning to the jury he said:

"Gentlemen of the jury, I rub it out if it hurts them so."

Thereupon the court said: "Gentlemen of the jury, if the prosecuting attorney in his argument means to refer to the fact that the defendant has taken a change of venue, he has no right to do so, because the defendant had a right to take a change of venue, and it is improper for the prosecuting attorney to refer to that fact, and the jury are instructed not to consider this argument."

Thereupon appellant excepted to the remarks of counsel and asked that his exceptions be noted of record, which was accordingly done.

The prosecuting attorney resumed his argument by making the following statement: "Gentlemen of the jury, you see that every time I make a point in this case, counsel for defendant object."

Thereupon counsel for appellant objected to the statement of the prosecuting attorney, and the court stated to the jury that counsel for appellant had a right to save their exceptions. Appellant excepted to the remarks of the prosecuting attorney and asked that his exceptions be noted of record, which was accordingly done.

Thereupon the prosecuting attorney proceeded to tell a witty story, and the record recites that at its conclusion deafening and tumultuous applause burst from the entire audience and continued until suppressed by the officers of the court and the calls of the judge for order. Thereafter no further action was taken by the court in regard to this argument. The story told by the prosecuting attorney is set out in the record, but we shall not reproduce it here. The purpose and effect of the story was to drive home the argument in regard to the change of venue and that the appellant desired the jury to eliminate that fact from their consideration because of the inference to be drawn therefrom. There was no question about the application of the story and its telling effect was reflected by the applause which it elicited.

(1)    It was, of course, improper for the prosecuting attorney to make any reference to the fact that the venue had been changed. The jury must necessarily have known from the proof in the case that the venue had been changed, but it was not proper for them to consider the grounds upon which that action had been based. Even though the jury necessarily knew, from the fact that the venue had been changed, that there was prejudice against the appellant in the county where the offense was alleged to have been committed, it was not proper for the jury to consider the existence of this prejudice. It is frequently true that prejudice is blind and unreasoning and has no substantial basis for its existence; but whether that was true in the instant case or not the argument was nevertheless an improper one. The effect of the prosecuting attorney's comparison of appellant with the witness Nix was to convey to the jury the information that appellant would not be believed in Lafayette County and for that reason had taken a change of venue. It was immaterial for what purpose the venue had been changed. Appellant, in securing the change of venue, had availed himself of a right guaranteed him by the Constitution, and he had the right to have the question of his guilt or innocence decided by the jury upon a consideration of the evidence offered in their hearing, and this to the exclusion of all other facts and circumstances.

(2)    It has been many times held by this court that we will not reverse a case simply because an improper argument has been made. Indeed, the rule is not to do so where it appears that, upon objection being made, the jury was directed by the court to disregard the argument, and these cases hold that the character of this direction upon the part of the court is to be measured by the argument which calls for the exercise of this duty on the part of the court. That is, the court must give to the jury a sufficiently emphatic admonition to disregard the improper argument to remove any improper influence which such argument might exert. The sufficiency of this admonition is a fact to be determined under the circum-

stances of each particular case, and where it appears that a sufficient admonition has been given, a reversal will not be awarded upon account of the argument.

(3) Under the facts of this case, we would not reverse the judgment but for the witty story told by the prosecuting attorney. The jury had been told by the court that the argument was an improper one, yet the inference to be drawn from the fact that the venue had been changed was driven home in a most telling manner, and no attempt was made by the court to reprimand the prosecuting attorney or to remove the effect of his story.

The duty of the court, where an improper argument has been made, has been discussed in a number of cases and in the following, among others: *German American Ins. Co.* v. *Harper,* 70 Ark. 305; *Long* v. *State,* 72 Ark. 427; *Kansas City So. Ry. Co.* v. *Murphy,* 74 Ark. 256; *Day* v. *Ferguson,* 74 Ark. 298; *St. Louis, I. M. & S. Ry. Co.* v. *Elrod,* 116 Ark. 514; *Ingram* v. *State,* 110 Ark. 538.

We think the court did not discharge its duty as announced in those cases, and for this error the judgment must be reversed and the cause remanded.