ALEX. LEES, as Administrator, etc., of JENNY LEES, Deceased, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Defendant appeals from a judgment awarding damages for the death of plaintiff's intestate, as the result of being struck by a trolley car owned and operated by defendant. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

MASSACHUSETTS BONDING & INSURANCE COMPANY, Respondent, v. 201 EAST 18TH STREET CORPORATION, Defendant, and LOUIS FISCHKIN, Appellant.— In an action by the compensation insurance carrier against a third party to recover damages suffered by it because of compensation paid and to be paid to the widow and children of an employee of the plaintiff's insured, it has recovered judgment and the defendant appeals. Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. The deceased was employed as an iron worker. At the time of the accident he was in a stairwell on the first floor, together with a fellow worker, constructing an iron stairway, for which work his employer had a subcontract. The appellant was a subcontractor doing the brick and masonry work. His workmen were the only workmen on the fifth floor. The proof tended to establish that the deceased was killed by a brick that fell down the stairwell from the fifth floor. The court charged the jury that section 241-a of the Labor Law applied and that if its provisions were violated and such violation caused the accident or contributed thereto, the jury might find the defendant negligent. This was error as section 241-a of the Labor Law did not become effective until after the happening of this accident. When the court's attention was called to this fact the erroneous charge was not specifically withdrawn but the court read certain subdivisions — 2 and 3 — of section 241 of the Labor Law to the jury, without stating how such sections were applicable to the facts in the case. This was also error. The brick fell down an open stairwell. At the time of the accident there was no statutory duty requiring stairwells to be covered by planking, and the rest of the section as read had no application to the facts in this case. That the charge was prejudicial is indicated by the request of the jury to have the portion of the charge relating to the Labor Law re-read, in connection with a like request for the testimony of the appellant's foreman, who had testified as to the usual manner of covering the stairwells. The appellant's request to charge at folio 225 to the effect that the burden of proof was not on the appellant to show conclusively that neither the appellant nor his employees set the brick in motion should have been granted. That point had not been previously covered in the charge and the court was mistaken in assuming that it had. These errors require a new trial. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.