STATE OF CONNECTICUT *v.* ALBERT CRISCUOLO

STATE OF CONNECTICUT *v.* GENEVIEVE CRISCUOLO

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued January 7—decided February 4, 1970

*R. David Broiles,* with whom, on the brief, were *Ira B. Grudberg* and *Howard A. Jacobs,* for the appellants (defendants) in each case.

*Joseph D. Harbaugh,* special assistant chief prosecuting attorney, for the appellee (state) in each case.

THIM, J. This court granted the defendants' petition for certification for review of their cases which were decided adversely to them by the Appellate Division of the Circuit Court. See General Statutes § 51-265. The certification was limited to a review of certain claimed errors in the trial court's instructions to the jury.

The defendants, Albert and Genevieve Criscuolo, husband and wife, were tried together on separate informations. While the issues involved differ as to the second count in each information, both defendants were charged with policy playing in violation of § 53-298 of the General Statutes in the first count of each information and were convicted on those counts.

The defendants claim that the court erred in charging the jury on § 53-298 of the General Statutes. The record before us is deficient, however, in that the finding fails to disclose the exceptions taken to the charge as required both by this court's rules of practice and by those of the Appellate Division of the Circuit Court. Practice Book §§ 635, 999, 1023. Nevertheless, the Appellate Division, apparently on the basis of the transcript and the defendants' sixth assignment of error, considered the claims of error in the charge without mentioning the deficiency in the finding. Because we saw sufficient reason in this case to grant limited certification and

since the parties have briefed and argued the issues, we have decided to consider the appeal. See *O'Keefe v. Bassett,* 132 Conn. 659, 660, 46 A.2d 847.

Section 53-298 of the General Statutes incorporates two offenses. Maintaining a policy office and policy playing are both proscribed. The statute consists of two sentences and contains over five hundred words. Consequently, there is justification for the defendants' claim that the statute, read as a whole, would tend to confuse a jury in applying the pertinent law to the particular facts of the present case.

Despite the complexity and length of the statute, the finding reveals that the court read the entire statute to the jury without expanding upon its meaning in any substantial manner. Although it is generally proper for the court to charge in the language of a statute, the statute should be explained where the meaning of its language might be unclear to the jury. "While the court may instruct in the exact language of the statute, it should not do so where the exact statutory language might mislead the jury, as where the ordinary juror is unable to understand its meaning." 88 C.J.S. 886, Trial, § 337 (a). It is error to read a statute which requires interpretation to the jury as an instruction; "the better practice is for the court to interpret any statute, about the interpretation of which there is or may be a difference of opinion." *St. Louis, I.M. & S.R. Co.* v. *Elrod,* 116 Ark. 514, 518, 173 S.W. 836; *Missouri Pacific Transportation Co.* v. *Parker,* 200 Ark. 620, 624, 140 S.W.2d 997, cert. denied, 311 U.S. 696, 61 S. Ct. 133, 85 L. Ed. 450.

In the instant case the claims of proof as revealed by the finding did not require that the statute be read in its entirety, and the inapplicable portion of

178

the statute should not have been read to the jury. *State* v. *Tryon,* 145 Conn. 304, 306, 142 A.2d 54; *State* v. *Maurisky,* 102 Conn. 634, 636, 129 A. 714. Furthermore, certain key words, such as "policy," were never explained in the charge, and a more detailed elaboration of their meaning in the statutory context should have been given than was afforded by a mere reading of the statute. See *State* v. *Groos,* 110 Conn. 403, 410, 148 A. 350.

Because the court's charge did not meet the test of adequacy as explained in such cases as *State* v. *Alterio,* 154 Conn. 23, 27, 220 A.2d 451, and *Phoenix Mutual Life Ins. Co.* v. *Brenckman,* 148 Conn. 391, 397, 171 A.2d 194, the defendants were denied the right to have their guilt or innocence under General Statutes § 53-298 fairly determined by the jury.

There is no need to discuss the other claims of the parties arising under the limited certification in the light of our disposition of this appeal.

There is error, the judgments of the trial court and the Appellate Division are set aside and a new trial is ordered.

In this opinion the other judges concurred.