STATE OF CONNECTICUT v. ANONYMOUS (1971-15)
(two cases)

APPELLATE DIVISION OF THE CIRCUIT COURT

Jacobs, J. These defendants stand convicted, after a jury trial, on the first count of substituted informations charging them with the crime of breach of the peace in violation of § 53-174 of the General Statutes.[1]

In the view we take of these cases, it is necessary for us to consider only the defendants' contention that the trial court failed to limit its instructions to the jury to the specific acts alleged in the substituted informations.

In one case, the state charged that the defendant "moved herself bodily against members of the . . . Police Department and/or Welfare agents in an aggressive fashion and/or used offensive language against members of the . . . Police Department and/or made threats towards members of the . . . Police Department. This offense took place in the hallway and/or within the office of the Welfare Department . . . ." In the other case, the state alleged that the defendant "hurled himself bodily against members of the . . . Police Department and/or pushed with force the person of . . . a member of the . . . Police Department and/or struggled with members of the . . . Police Department. This offense took place outside the offices of the State Welfare Department . . . ."[2]

---

[1] The jury returned a verdict of not guilty to the second count of the substituted informations charging the defendants with the crime of resisting an officer in violation of § 53-165 of the General Statutes.

[2] We deplore the use of the conjunctive-disjunctive form "and/or" in the pleadings because the fractional expression is an equivocal connective, being neither positively conjunctive nor positively disjunctive. "Numerous cases are cited criticizing the use of this phrase 'and/or' in either civil or criminal pleadings, the most temperate of the criticisms being that it is slovenly pleading." *Gurein* v. *State*,

"The term 'breach of the peace' has never had a precise meaning in relation to specific conduct." *United States* v. *Woodward,* 376 F.2d 136, 141. "The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility. It includes not only violent acts but acts and words likely to produce violence in others." *Cantwell* v. *Connecticut,* 310 U.S. 296, 308. Our breach of the peace statute is not "narrowly drawn to define and punish specific conduct"; id., 311; our statute is a long, difficult and involved sentence containing 110 words. Ordinarily, it would have been sufficient had the state charged the offense in the language of the statute; see Practice Book § 493; *State* v. *Criscuolo,* 159 Conn. 175, 177; but the state chose to particularize the manner in which the offense was committed. In so doing, the state limited itself to the proof of the violation substantially in the manner described. *State* v. *DiLorenzo,* 138 Conn. 281, 284; *State* v. *Scott,* 80 Conn. 317, 321.

"A trial court should charge the jury in unequivocal language. The more succinct the statements of the law, the more effective they are for the jury's guidance." *Quednau* v. *Langrish,* 144 Conn. 706, 714. In short, "brevity in instructions is desirable." 88 C.J.S. 876, Trial, § 335. Instructions are not to be legal treatises for the use of the legal profession but should enlighten and not confuse jurors unskilled in the law and unversed in legal phraseology. *Elliott* v. *Capital City State Bank,* 149 Iowa 309, 319.

209 Ark. 1082, 1086; see *Naidech* v. *Hampfling,* 127 N.J.L. 431, 433; *Becker* v. *Burkes,* 262 App. Div. 893 (N.Y.). "Incidentally, we will remark that we would probably be warranted in considering that part of the sentence following 'and/or' as meaningless, for to our way of thinking the abominable invention, 'and/or', is as devoid of meaning as it is incapable of classification by the rules of grammar and syntax." *American General Ins. Co.* v. *Webster,* 118 S.W.2d 1082, 1084 (Tex. Civ. App.).

The court in its charge to the jury read practically all of the language of General Statutes § 53-174, except the portion dealing with criminal libel. The charge failed to explain the statute in language "easily understandable to the lay jury." *Stryzinski* v. *Arnold,* 285 App. Div. 780, 783 (N.Y.). The charge also contained extracts from an opinion of the United States Supreme Court. See *Cantwell* v. *Connecticut,* supra. "It is seldom that extracts of that nature are adapted for use in instructing a jury"; *Allen* v. *Lyness,* 81 Conn. 626, 629; "and that is emphatically true of the present." *Radwick* v. *Goldstein,* 90 Conn. 701, 707; 23A C.J.S. 490, Criminal Law, § 1192 (a). "Statements in the opinions of . . . [an appellate] court serve a very different purpose than a charge to the jury. In quoting them in a charge, great care should be used in making sure that they are applicable to the facts of the particular case on trial." *Film* v. *Downing & Perkins, Inc.,* 135 Conn. 524, 527. The fact that the language used in a charge is a direct quotation from an opinion of an appellate court or from a statute will not save an unclear charge. *Massachusetts Bonding & Ins. Co.* v. *201 East 18th Street Corporation,* 256 App. Div. 1077 (N.Y.). The instructions as given in the cases at bar went beyond the specifications in the substituted informations and beyond the evidence.

We recognize the fact that the trial of these cases was unusually long and protracted by reason of the fact that they were tried together with eight other defendants; nevertheless, broad general statements are inadequate for the guidance of the jury. *Pollak* v. *Danbury Mfg. Co.,* 103 Conn. 553, 556; Maltbie, Conn. App. Proc. § 87.

Treating the charge as a whole, we think the general terms in which the charge was given fell short

of being an adequate and sufficient guide to the jury in these cases. *State* v. *Criscuolo,* 159 Conn. 175, 177.

Since a new trial is necessary, there is no need to discuss the remaining assignments of error.

There is error, the judgments are set aside and a new trial is ordered.

In this opinion DEARINGTON and KINMONTH, Js., concurred.