STATE OF CONNECTICUT *v.* WILLIE D. PEMBERTON, JR.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NOS. 1191, 1192

Argued September 21—decided December 10, 1982

*Temmy Ann Pieszak,* law student intern, with whom was *Jerrold H. Barnett,* public defender, for the appellant (defendant).

*Morris H. Globerman,* deputy assistant state's attorney, for the appellee (state).

F. HENNESSY, J. This is an appeal from a conviction of reckless endangerment in the second degree and a revocation of the defendant's probation.[1] The defendant has presented three issues to the court. First, he claims that there was not sufficient evidence presented to the jury for them to find beyond a reasonable doubt that he violated General Statutes § 53a-64, reckless endangerment in the second degree. Second, he claims that the trial judge erred in refusing to instruct the jury on the defense of justification. Third, he claims that the court's instructions to the jury did not sufficiently define the elements of the crime of reckless endangerment.

The jury could have found the following: At approximately 11:45 a.m. on November 9, 1980, the defendant left a mercantile establishment with what appeared to be a huge bulge under his coat. The security manager and a clerk approached the defendant who was sitting in his parked car in front of the store. The security person knocked on the front door of the car and announced that he was a security man from the store. The

---

[1] The defendant was originally charged with larceny in the third degree and reckless endangerment in the first degree. The jury returned a verdict of not guilty on the larceny and reckless endangerment in the first degree charges and found the defendant guilty of the lesser included offense of reckless endangerment in the second degree. The appeal in File No. 1192 requests that the revocation of probation and sentence, based on the conviction of reckless endangerment in the second degree, be dismissed because of errors in the trial on the charge of reckless endangerment. The appeal in File No. 1191 is from his conviction of reckless endangerment in the second degree. These appeals have been consolidated. Because we find no error with respect to the defendant's conviction on the charge of reckless endangerment in the second degree, the appeal of his revocation of probation is hereby dismissed.

security manager positioned himself behind the car while the clerk positioned himself on the passenger side of the car in an attempt to pin the defendant's car between them and the building. The defendant backed up his car causing the security manager to back pedal in order to avoid being hit. The defendant drove against the flow of traffic at twice the normal rate of speed and stalled head to head with a car travelling in the opposite direction. The security manager and the clerk, joined by another security man, took positions around the car in an effort to prevent the defendant from leaving. The other car started up again and drove around the defendant's car. The defendant then proceeded to drive forward forcing the security man to jump out of the way. The defendant left the parking lot. He was later arrested at his home.

## I

Section 53a-64 states that a person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a risk of physical injury to another person. Section 53a-3 (13) provides: "A person acts 'recklessly' with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation . . . ."

The defendant argues that the evidence presented at trial does not support the conclusion that the defendant was aware of, and consciously disregarded, a substantial and unjustifiable risk. He claims that the activities of his pursuers were without authority, that he was unaware that his pursuers were in the way of the car, and that his actions, under the circumstances, were not a gross deviation from a reasonable standard of conduct.

From the facts presented the jury could reasonably have found that the store employees were acting within their authority, that the defendant knew on each occasion that a person was in the way of his car and further, that his actions in driving the car in such a manner were a gross deviation from a reasonable standard of conduct. The trier of facts determines with finality the credibility of witnesses and the weight to be accorded their testimony. We cannot retry the facts or pass upon the credibility of the witnesses. *State* v. *Penland*, 174 Conn. 153, 158, 384 A.2d 356, cert. denied, 436 U.S. 906, 98 S. Ct. 2237, 56 L. Ed. 2d 404 (1978); *Johnson* v. *Flammia*, 169 Conn. 491, 497, 363 A.2d 1048 (1975). The facts reviewed as presented lead us to conclude that the jury could reasonably find as it did. *State* v. *Cordova*, 38 Conn. Sup. 377, 384, 448 A.2d 848 (1982).

## II

The second claim of error is that the instructions to the jury did not include a charge requested by the defendant[2] which would place before the jury the defense of justification for his actions.

---

[2] The defendant's request to charge states in pertinent part as follows:

"3. Ordinarily, it is unlawful to commit an assault upon another person, however, this rule does not apply if the defendant's use of force or violence is justified.

"Section 53a-19 of the General Statutes provides in part as follows: '. . . a person is justified in using reasonable physical force upon another person to defend himself or third person from what he reasonably believes to be the use or eminent [sic] use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose . . .'

"It may be concluded from this Statute that a man who is being assaulted, or who reasonably believes he is about to be assaulted, may use force in such a degree as he reasonably believes is necessary for his defense. The moment he steps over the line and uses more force than he reasonably believes to be necessary, then he becomes a wrongdoer and becomes guilty of a crime himself. The test is not what force was actually necessary to protect himself from the use or eminent use of the force; rather the test is what force did he, acting as a reasonable man, believe to be necessary under the circumstances.

"If you should find the defendant was justified in driving off in his vehicle, then you will find him not guilty of the charge of reckless endanger-

The defendant did not admit he committed the acts alleged nor was any testimony presented by the defendant. Self defense is not an affirmative defense under our statutes. It may, however, be asserted as a defense by way of justification pursuant to General Statutes §§ 53a-16 and 53a-19.[3] The burden of proof applicable to the claimed defense is recited in § 53a-12 (a) which provides: "(a) When a defense other than an affirmative defense, *is raised at a trial,* the state shall have the burden of disproving such defense beyond a reasonable doubt." (Emphasis added.) See *State* v. *Cassino,* 188 Conn. 237, 241, 449 A.2d 154 (1982). In order to raise the defense at trial there must be evidence that the defendant committed the act and that he used physical force upon another person to defend himself from what he reasonably believed to be the use or imminent use of physical force. Cf. *State* v. *Hawkins,* 173 Conn. 431, 436, 378 A.2d 534 (1977). The record before us, when viewed in a light most favorable to the defendant's claim, fails to demonstrate that the defense was properly raised at trial.

There was evidence that the defendant committed the act but no evidence presented to show that he was defending himself from what he believed to be the use or imminent use of force. The facts portray a man driving a motor vehicle in a manner consistent with the

---

ment. The burden is upon the State to prove that such force or violence as you may find he used was not justifiable. Sec. 723, *Wright Connecticut Jury Instructions.*"

[3] Section 53a-16 provides: "JUSTIFICATION AS DEFENSE. In any prosecution for an offense, justification, as defined in sections 53a-17 to 53a-23, inclusive, shall be a defense."

Section 53a-19 provides: "USE OF PHYSICAL FORCE IN DEFENSE OF PERSON. (a) Except as provided in subsections (b) and (c) a person is justified in using reasonable physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose; except'that deadly physical force may not be used unless the actor reasonably believes that such other person is (1) using or about to use deadly physical force, or (2) inflicting or about to inflict great bodily harm."

theory set forth by the prosecution. There was no evidence that the defendant was acting in the manner in which he did because of fear or mistake. Accordingly, the cumulative effect of the evidence presented indicates that an instruction on self defense or justification was not warranted.[4]

## III

The defendant also claims that the court's charge to the jury failed to define sufficiently an "unjustifiable risk" or to relate this concept to the evidence produced at trial.[5] We do not agree.

The instruction to the jury must include the pertinent principles of substantive law and every element of the offense. They must be clear, accurate, complete and comprehensible. *State* v. *Griffin,* 175 Conn. 155, 163, 397 A.2d 89 (1978). The charge to the jury, as it appears on the record, must be read as a whole. *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 570, 316 A.2d 394 (1972).

The purpose of a charge is to call the attention of the members of a jury, unfamiliar with legal distinctions, to whatever is necessary and proper to guide them to a right decision in a particular case. *Phoenix Mutual Life Ins. Co.* v. *Brenckman,* 148 Conn, 391, 397, 171 A.2d 194 (1961). While the court may instruct a jury in the exact language of a statute, it should not do so

---

[4] In this case the defendant did not testify or present witnesses to testify in his behalf.

[5] The charge to the jury provided in pertinent part:

"The next requirement is that the Defendant's conduct must have been reckless. That is, he must have been aware of the risk and consciously disregarded it.

"A person acts recklessly with respect to a result of [sic] circumstance when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such a nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. Again, recklessly is something to be inferred or not based upon the direct evidence you've heard."

where the exact statutory language might mislead the jury, as when the ordinary juror is unable to understand the meaning. *State* v. *Criscuolo,* 159 Conn. 175, 177, 268 A.2d 374 (1970). Instructions are adequate, however, if they give the jury a clear understanding of the issues and proper guidance in determining those issues. *State* v. *Mason,* 186 Conn. 574, 586, 442 A.2d 1335 (1982); *State* v. *Alterio,* 154 Conn. 23, 27, 220 A.2d 451 (1966).

We find that although the trial judge read to the jury the definition of "unjustifiable risk" as it pertains to the offense of reckless endangerment in the second degree, his doing so sufficiently particularized that element of the crime. Moreover, the words used, when applied to the straightforward fact situation of the case, were clear and not misleading, and they did not present concepts which would prevent an ordinary juror from understanding their meaning.

There is no error.

In this opinion DALY and COVELLO, Js., concurred.